NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM BARKER, Plaintiff-Appellant, v. OSEMWINGIE; RAMISCAL, Defendants-Appellees. and STATE OF CALIFORNIA; CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, Defendants. | No. 20-15503 20-15840 D.C. No. 2:16-cv-03008-CKD MEMORANDUM[*] |

Appeals from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Argued and Submitted November 17, 2021
San Francisco, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and KORMAN,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

William Barker sued the State of California, the California Department of Corrections and Rehabilitation (CDCR), and CDCR employees Osemwingie and Ramiscal for harms arising from a failed attempt to transfer Barker from his wheelchair to the toilet. The district court dismissed with prejudice his claims under Titles II and V of the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (RA). The court later granted summary judgment to defendants on Barker's Eighth Amendment claim for inadequate medical treatment under 42 U.S.C. § 1983. We affirm entry of summary judgment for defendants on Barker's Eighth Amendment claim, but we vacate dismissal of his claims under the ADA and RA and remand to the district court with instructions to grant Barker leave to amend his complaint.

**1.** The district court properly granted summary judgment to Osemwingie and Ramiscal on Barker's Eighth Amendment claim for inadequate medical treatment. Barker failed to raise a triable issue of fact as to whether defendants acted with deliberate indifference to his serious medical needs. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The district court properly excluded statements allegedly made by Nurse Coloma as inadmissible hearsay, and defendants submitted unrebutted expert evidence supporting their assertion that use of the lift was medically appropriate, even if Barker suffered from a chronic back condition. Thus, even if a genuine dispute exists as to whether Barker informed

defendants of his back condition, he cannot satisfy the objective prong of the deliberate indifference test applicable to this claim. We also affirm the district court's award of costs to defendants, as those costs were incurred solely in connection with Barker's Eighth Amendment claim, and Barker raises no independent challenge to the propriety of the award.

**2.** The district court erred in dismissing Barker's Title II and RA claims without leave to amend. Transferring an inmate from a wheelchair to the toilet is an accommodation to provide access to toileting services, rather than medical treatment for a disability. *See Armstrong v. Schwarzenegger*, 622 F.3d 1058, 1068 (9th Cir. 2010). Thus, the district court improperly relied on *Simmons v. Navajo County*, 609 F.3d 1011, 1022 (9th Cir. 2010) (holding that denial of medical treatment cannot form the basis of an ADA claim), in concluding that Barker's claims were barred as a matter of law.

Barker's second amended complaint does not adequately allege failure to provide access to a service under Title II or the RA, but he should have been granted leave to amend to cure the deficiencies. To allege a plausible claim for relief, Barker will need to provide additional facts explaining how the State's failed attempt to provide access to toileting services by means of the Hoyer lift amounted to a denial of such services on account of his disability. In addition, because Barker seeks damages under Title II, he will need to plead facts plausibly

suggesting that the defendants acted with deliberate indifference under the test established in *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138–40 (9th Cir. 2001). We note that the *Duvall* standard differs from the standard for deliberate indifference applicable to Barker's Eighth Amendment claim, so the record developed in connection with the latter claim does not necessarily foreclose Barker's ability to assert a viable Title II damages claim. Since it is not clear that amendment would be futile, we vacate the dismissal of the Title II and RA claims and remand with instructions to grant Barker leave to amend those claims.

**3.** The district court abused its discretion in dismissing Barker's retaliation claim under Title V of the ADA based on improper joinder. *See* Fed. R. Civ. P. 18(a). The court's ruling was predicated on its ruling dismissing Barker's Title II and RA claims without leave to amend. Because an opportunity to amend those claims against the State and CDCR should have been granted before any final judgment could be entered, those defendants should have remained in the suit and Barker's Title V claim against the same defendants was not improperly joined. However, as with Barker's Title II and RA claims, the allegations in the second amended complaint do not adequately support a claim under Title V. In particular, the allegations do not plausibly suggest a causal link between Barker's protected activities and the alleged retaliation. *See T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 472–73 (9th Cir. 2015). Nevertheless, because it

is not clear that amendment would be futile, we vacate dismissal of the Title V

claim and remand with instructions to grant leave to amend.

**AFFIRMED in part, VACATED in part, and REMANDED.**

Barker shall recover his costs on appeal.